T.C. Memo. 2006-110

UNITED STATES TAX COURT

ROBERT D. AND PATRICIA M. BRAUN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6348-04.                    Filed May 23, 2006.

<u>Robert J. Gumser</u>, for petitioners.

<u>Sylvia L. Shaughnessy</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GALE, <u>Judge</u>:  Respondent determined deficiencies in
petitioners' 1992 and 1993 Federal income tax of $4,293 and
$6,310, respectively, and additions to tax under section[1]

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code of 1986 as in effect for the taxable
years in issue.

6651(a)(1) of $1,053 and $1,556, respectively.  The issues for decision are (1) whether petitioners are entitled to deduct Schedule C, Profit or Loss From Business, expenses from the real estate loan business of petitioner Robert D. Braun, and (2) whether petitioners are liable for additions to tax under section 6651(a)(1) for their 1992 and 1993 taxable years.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time they filed the petition, Robert D. Braun (petitioner) and Patricia M. Braun (Mrs. Braun) resided in San Diego, California.

On their Federal income tax returns for 1992 and 1993 petitioners claimed five exemptions--themselves and their three dependent children.  Petitioners' only reported source of income for support in both taxable years was petitioner's real estate loan business, the results of which petitioners listed each year on a Schedule C.  On the Schedule C attached to their 1992 tax return, petitioners reported gross receipts of $24,368 and deducted claimed expenses of $23,408 (including office expenses of $5,640 and advertising expenses of $1,975) for a net profit of $960.  On the Schedule C attached to their 1993 tax return, petitioners reported gross receipts of $31,775 and deducted claimed expenses of $30,328 (including office expenses of $6,200

and advertising expenses of less than $2,000[2]) for a net profit of $1,447.

In July 1990, the Federal Bureau of Investigation (FBI) conducted a raid on a company petitioner operated at that time and seized all the company's business records. Sometime after the seizure, petitioner commenced operation of the real estate loan business that generated the gross receipts petitioners reported for 1992 and 1993. The FBI's investigation of petitioner continued until October 24, 1994, when petitioner pled guilty to one count of tax evasion under section 7201 with respect to his 1988 taxable year and one count of mail fraud. On January 17, 1995, petitioner was sentenced to 24 months of incarceration with supervised release for 3 years thereafter. Sometime later in 1995, while petitioner was incarcerated, the FBI returned petitioner's seized records to Mrs. Braun.

Petitioners' 1992 and 1993 Federal income tax returns were dated and signed April 12, 2001, and were filed with respondent on April 20, 2001. Respondent disallowed all of petitioners' claimed Schedule C expenses for 1992 and 1993 and issued petitioners a notice of deficiency on April 5, 2004. Petitioners

---

[2] Because of the poor quality of the copy of petitioners' 1993 Schedule C in the record, we are unable to determine the exact amount of advertising expenses petitioners claimed, but note that it appears to be approximately $1,800.

do not have any documentary substantiation for the expenses they claimed on their 1992 or 1993 Schedule C.

OPINION

Schedule C Expense Deductions

Deductions are strictly a matter of legislative grace. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Therefore, the taxpayer bears the burden of proving that he is entitled to the deductions claimed and of substantiating the amounts and purposes of those deductions.[3] Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Section 162(a) provides that there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Taxpayers must keep sufficient records to establish the claimed deductions. See sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965); sec. 1.6001-1(a), Income Tax Regs.

To be entitled to a deduction under section 162(a), a taxpayer is required to substantiate the deduction through the maintenance of books and records. Generally, in the event that a taxpayer establishes that he or she has incurred a deductible

---

[3] Petitioners have neither claimed nor shown entitlement to any shift in the burden of proof pursuant to sec. 7491(a).

expense but is unable to substantiate the precise amount, the Court may approximate the amount, bearing heavily if it chooses against the taxpayer whose inexactitude is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The Court must, however, have evidence sufficient to provide a rational basis upon which an estimate can be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Section 274(d) imposes more stringent substantiation requirements for the deduction of traveling, automobile, and entertainment expenses. Taxpayers must substantiate these items by adequate records in order to claim deductions, documenting details such as the amount and place of each separate expenditure, the property's business and total usage, and the date and business purpose of the expenditure or use. Sec. 274(d); sec. 1.274-5T(b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). These strict substantiation requirements with respect to expenses for travel, meals, entertainment, and expenses relating to the use of listed property preclude this Court from using the "Cohan rule" to estimate the deductible amount of such expenses. Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). Where, however, a taxpayer establishes that the failure to produce adequate records is due to the loss of such records through circumstances beyond the taxpayer's

control, the taxpayer may substantiate a deduction by reasonable reconstruction of his expenditure or use. Sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985). In all other cases, unless the stringent substantiation requirements are met for those categories of expenses covered by section 274(d), "No deduction * * * shall be allowed". Sec. 274(d).

As noted in our findings of fact, petitioners provided no documentary evidence to substantiate the claimed deductions. Petitioner testified that he no longer had any of the receipts, bank statements, or other documentation pertaining to the real estate loan business he and a business associate operated during 1992 and 1993. Petitioner testified that his business records (of a company no longer operating in 1992 and 1993) were seized during a raid conducted by the FBI in July 1990. He further testified that all of his business records from the initial seizure in 1990 "and all the way through 1994 became the records of the Federal Bureau of Investigation because of the ensuing investigation". Petitioner testified that when the records were returned by the FBI in 1995, he was still incarcerated and Mrs. Braun "hauled them off to the dump" as she was "fed up with the whole situation" that led to his arrest and conviction.[4]

---

[4] If, as petitioner contends, Mrs. Braun discarded the records for 1992 and 1993, she has failed to comply with her
(continued...)

According to petitioner, to prepare their 1992 and 1993 Federal income tax returns, petitioners enlisted the assistance of a certified public accountant and reconstructed income and expenses to the best of their ability.

Petitioners produced no evidence to substantiate their claimed expenses other than petitioner's testimony concerning office rent and advertising expenses. Petitioner testified that their business records for the taxable years in issue were deliberately discarded by Mrs. Braun and not lost due to circumstances beyond petitioners' control. Accordingly, petitioners cannot satisfy the substantiation requirements of section 274(d) by reconstruction of their expenditures and are therefore not entitled to deductions for travel, automobile expenses, meals, or entertainment. See sec. 274.

In the absence of either substantiating documentation or testimony, petitioners are likewise not entitled to deductions for the remaining categories of business expenses (except office rent and advertising) claimed on their 1992 and 1993 Schedules C. Because petitioner offered testimony regarding the office rent and advertising expenses petitioners claimed on their returns, we consider these items in turn.

Petitioner testified that he and another individual operated

---

⁴(...continued)
record-keeping obligations under the Internal Revenue Code. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

a real estate loan business out of an office in La Jolla, California, during 1992 and 1993. Together, petitioner and his business associate subleased office space, consisting of four offices and a conference room, from an attorney, according to petitioner. Petitioner testified that his share of the $1,000 monthly office rental expense during 1992 and 1993 was $500. Petitioner testified that he was unable to locate the attorney to obtain any records of these rentals.

Petitioner's testimony concerning his office rental expenses is uncorroborated and self-serving, and we are not required to accept it. See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). We do not, for a number of reasons.

First, we believe there were other opportunities for corroboration that petitioner has not addressed, such as testimony from the business associate who was purportedly his co-lessee.

Second, we find petitioner's contention that the records for his 1992 and 1993 business activities were discarded somewhat suspect. Petitioner testified that the FBI seized his records in 1990, and his wife discarded them when they were returned in 1995. But the business activities at issue were conducted in 1992 and 1993. Even conceding that petitioner was under FBI investigation during 1992 and 1993 (as his guilty plea occurred in October 1994), we have some difficulty accepting petitioner's

vague claim that his 1992 and 1993 business records also "became the records of the Federal Bureau of Investigation because of the ensuing investigation". In any event, since petitioner concedes the records were returned in 1995, the linchpin of his missing records rationale is that Mrs. Braun discarded them. Yet she did not testify at or even attend the trial.[5]

Third, petitioner pled guilty to income tax evasion and mail fraud, which are crimes involving dishonesty. See Fed. R. Evid. 609(a)(2).

Fourth, and perhaps most importantly, when questioned how he supported himself, his wife, and three children if the expenses of his business offset its income except to the extent of $960 in 1992 and $1,447 in 1993, petitioner was vague and nonresponsive. Given their magnitude in relation to reported income, the expenses petitioner claims to have incurred are not credible.

Fifth, even if we were persuaded that petitioners incurred rental expenses for the years in issue, we must have some rational basis on which to estimate them. See Vanicek v. Commissioner, 85 T.C. at 742-743. Petitioners offered no evidence that the claimed rent of $1,000 per month (of which

---

[5] Mrs. Braun is a party in this case, represented by counsel, and jointly liable for any deficiencies that are redetermined herein. As noted earlier, if petitioner's testimony concerning the discarding of the records by Mrs. Braun is accepted, then Mrs. Braun failed to comply with record-keeping requirements.

petitioner purportedly supplied half) was the approximate fair rental value or an otherwise reasonable cost of the space rented.

Sixth, for essentially the same reasons, we are also not persuaded that petitioner incurred the advertising expenses he claims for each year. We would add only that petitioner testified that his advertising expenditures were "over a thousand dollars a month" and yet only approximately $2,000 was claimed in each of the 2 years in issue. Thus, his testimony bears no rational relationship to the claimed expenses. In his testimony, petitioner also claimed that the expenditures were for advertising on a local AM radio station, yet insofar as the records discloses, there was no effort to obtain corroboration from the station.

Because, for the foregoing reasons, petitioner's testimony does not persuade us, and there is no other evidence to support the claimed deductions, we sustain respondent's disallowance of all deductions claimed on the Schedules C in 1992 and 1993.

Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a return when due "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". The addition equals 5 percent for each month that the return is late, not to exceed 25 percent in total. The Commissioner has the burden of production with respect to the liability of an

individual for an addition to tax under section 6651(a)(1). Sec. 7491(c). The burden of showing reasonable cause under section 6651(a) remains on the taxpayer. Higbee v. Commissioner, 116 T.C. 438, 446-448 (2001). "Reasonable cause" requires a taxpayer to demonstrate that he exercised ordinary business care and prudence and nevertheless was unable to file the return by the due date. United States v. Boyle, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c), Proced. & Admin. Regs. Willful neglect is defined as a "conscious, intentional failure or reckless indifference." United States v. Boyle, supra at 245.

Petitioners' 1992 and 1993 tax returns were not filed until April 20, 2001. Respondent has, accordingly, met his burden of production with regard to the section 6651(a)(1) addition to tax. See sec. 7491(c). Petitioners have offered no explanation for their untimely filing, nor have they produced any evidence to establish any reasonable cause for their failure to file before the due date for each return.[6] We therefore sustain respondent's determination of additions to tax under section 6651(a)(1) for 1992 and 1993.

---

[6] Petitioner claimed that, on the advice of counsel, petitioners did not file tax returns while the FBI investigation was in progress. That investigation concluded in October 1994, however, more than 6 years before the returns were filed.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>